IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Roberta Barnett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 6449 |
| | ) | |
| Firstsource Advantage, LLC, a New York limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Roberta Barnett, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff resides her; and c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Roberta Barnett ("Barnett"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for an American Express credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Firstsource ("Firstsource"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone and/or the mail to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Illinois. In fact, Firstsource was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Firstsource is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached at Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Firstsource is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached at Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Barnett is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to American Express. After Firstsource began trying to collect this debt from Ms. Barnett, by sending her a collection letter, dated March 26, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding Firstsource's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on June 3, 2013, one of Ms. Barnett's attorneys at LASPD informed Firstsource, in writing, that Ms. Barnett was represented by counsel, and directed Firstsource to cease contacting her, and to cease all further collection activities because Ms. Barnett was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Firstsource sent a collection letter, dated April 27, 2017, directly to Ms. Barnett, which demanded payment of the American Express debt. A copy of this collection letter is attached as Exhibit E.

10. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

11. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

12. Defendant Firstsource's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant Firstsource's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Barnett's attorneys at LASPD told Defendant Firstsource to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Firstsource violated § 1692c(c) of the FDCPA.

17. Defendant Firstsource's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.Defendant Firstsource knew that Ms. Barnett was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Firstsource to cease directly communicating with her.  By directly sending Ms. Barnett the April 27, 2017 collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Firstsource violated § 1692c(a)(2) of the FDCPA.

21.Defendant Firstsource's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roberta Barnett, prays that this Court:

1.Find that Defendant Firstsource's debt collection actions violated the FDCPA;

2.Enter judgment in favor of Plaintiff Barnett, and against Defendant Firstsource, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Roberta Barnett, demands trial by jury.

Roberta Barnett,
By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  September 7, 2017

5

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com